IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PRAPHAN PUAPONG, M.D., | ) | CIVIL NO. 17-00615 LEK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | PLAINTIFF'S MOTION FOR DEFAULT |
| | ) | JUDGMENT ON PROOF AS TO |
| WELLCARE DISABILITY, LLC, ET | ) | DEFENDANT WELLCARE DISABILITY, |
| AL., | ) | LLC |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
ON PROOF AS TO DEFENDANT WELLCARE DISABILITY, LLC[1]

Before the Court is Plaintiff's Motion for Default
Judgment on Proof as to Wellcare Disability, LLC ("Motion").  ECF
No. 25.  On December 4, 2018, the Court directed supplemental
briefing, which was filed on December 18, 2018.  ECF Nos. 27, 28.
The Court found this matter suitable for disposition without a
hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of
the United States District Court for the District of Hawaii.  ECF
No. 26.  After carefully reviewing the pleadings and relevant
legal authority, the Court FINDS and RECOMMENDS that the district
court GRANT IN PART AND DENY IN PART Plaintiff's Motion.

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiff Praphan Puapong, M.D. filed this action on December 29, 2017, to recover unpaid wages for medical services that he rendered on behalf of Defendant Wellcare Disability, LLC ("Defendant Wellcare") and Defendant Veterans Evaluation Services. See ECF No. 1. Plaintiff alleges that he entered into a written contract with Defendants to provide medical services in April 2015 (the "Contract"). Id. ¶ 10. The Contract was effective on April 13, 2015, and expired on April 30, 2017. Id. After the Contract expired on April 30, 2017, Defendants continued to provide Plaintiff with patient schedules and referred patients to Plaintiff. Id. ¶ 13. Beginning in June 2017, the paychecks Plaintiff received from Defendant Wellcare as payment for his services were returned due to insufficient funds. Id. ¶ 14. Plaintiff contacted Bruce Cheek, President of Defendant Wellcare, regarding the paycheck he received in June that was returned due to insufficient funds and his continued employment with Defendant Wellcare. Id. ¶ 15. Mr. Cheek informed Plaintiff that he would issue another check to him and that Plaintiff should continue providing patient services for Defendants. Id. ¶ 16. On September 12, 2017, Mr. Cheek advised Plaintiff in writing (the "Termination Letter") that his employment agreement had been terminated because Defendant Wellcare could no longer afford to stay in business and that

2

every effort would be made to pay his accrued fees from unpaid receivables.  Id. ¶ 17.  After Plaintiff received the Termination Letter, he contacted Defendants regarding his unpaid fees but received no response.  Id. ¶¶ 18, 19.  In his Complaint, Plaintiff asserts claims for breach of contract, quantum meruit, and fraud.  Id. ¶¶ 20-38.

Plaintiff filed a notice of dismissal as to Defendant Veterans Evaluations Services on March 21, 2018.  ECF No. 11. Plaintiff filed a Waiver of Service signed by Mr. Cheek on March 16, 2018.  ECF No. 16.  On April 9, 2018, a "Response to Complaint for Damages" was filed by Mr. Cheek "representing Wellcare Disability, LLC as its former owner."  ECF No. 17.  In that Response, Mr. Cheek states that Defendant Wellcare was licensed in Kentucky and was dissolved in September 2017.  Id. Further, Mr. Cheek states that Plaintiff "is owed $17,615.00 by Wellcare Disability, LLC for clinic services ending in August 2017."  Id.

The Court issued an Order to Show Cause on June 5, 2018.  ECF No. 20.  The Order to Show Cause explained that Defendant Wellcare cannot represent itself in this proceeding, nor can its owners, managers, members, or employees file papers in this case on its behalf unless they are licensed attorneys. Id. at 2.  Further, the Court stated that Defendant Wellcare must retain counsel if it wishes to defend against this action.  Id.

The Court ordered Defendant Wellcare to show cause, if any, why default should not be entered against it for its failure to defend this action and be represented by counsel.  Id.  Defendant Wellcare did not appear at the show cause hearing or otherwise respond to the Court's Order to Show Cause.  See ECF No. 22. Accordingly, the Court directed the Clerk's Office to enter default against Defendant Wellcare and directed Plaintiff's counsel to file the appropriate motion for default judgment.  ECF No. 23.  Default was entered against Defendant Wellcare on July 17, 2018.  ECF No. 23.

In the present Motion, Plaintiff asks the Court to enter default judgment against Defendant Wellcare on all claims and to award damages "between $75,000 and $100,000."  See ECF No. 28-1 at 8-9.

## DISCUSSION

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  Valley Oak Credit Union v. Villegas, 132

4

B.R. 742, 746 (9th Cir. 1991).

## A. Jurisdiction

As a preliminary matter, this Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant Wellcare. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999)("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

### 1. Subject Matter Jurisdiction

First, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of Hawaii; Defendant Wellcare is a Kentucky limited liability company. ECF No. 1 ¶¶ 3, 5. Plaintiff's Complaint seeks damages that "exceed $75,000." Id. at 8. Accordingly, the Court has diversity jurisdiction over this matter. See 28 U.S.C. § 1332.

### 2. Personal Jurisdiction

Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process. See Boschetto v. Hansing, 539 F.3d 1011, 1021-22 (9th Cir. 2008). Because Hawaii's long-arm statute, Hawaii Revised Statute § 634-35, reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process

permits the exercise of personal jurisdiction.  Television Events
& Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D.
Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374
F.3d 797, 800-01 (9th Cir. 2004)).  For due process to be
satisfied, a non-resident defendant must have "minimum contacts"
with the forum state such that the assertion of jurisdiction
"does not offend traditional notions of fair play and substantial
justice." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th
Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315
(1945)).  The Ninth Circuit applies a three-part test to
determine specific personal jurisdiction:  (a) did the defendant
purposefully avail itself of the privilege of conducting
activities in the forum state; (b) does the claim relate to the
defendant's forum related activities; and (c) is the exercise of
jurisdiction reasonable.  See Boschetto, 539 F.3d at 1021 (citing
Schwarzenegger, 374 F.3d at 802).

        a.   **Purposeful Availment**

        The purposeful availment requirement is satisfied if
the defendant "has taken deliberate action" toward the forum
state.  Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1320
(9th Cir. 1998) (citing Ballard v. Savage, 65 F.3d 1495, 1498
(9th Cir. 1995)).  This requirement ensures that a nonresident
defendant will not be haled into court based upon "random,
fortuitous or attenuated" contacts with the forum state.  Id.

(quoting Burger King Corp. V. Rudzewicz, 471 U.S. 462, 475
(1985)).  A defendant need not have physical contacts with the
forum, so long as its efforts are "purposefully directed" toward
forum residents.  Id.  A defendant's efforts are "purposefully
directed" if the defendant (1) committed an intentional act (2)
expressly aimed at the forum state that (3) caused harm that the
defendant knew was likely to be suffered in the forum state.
See Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082,
1087 (9th Cir. 2000) (citing Calder v. Jones, 465 U.S. 783
(1984)).

        Here, taking all allegations as true, the Court finds
that Defendant Wellcare's efforts were purposefully directed
toward Hawaii residents.  Defendant Wellcare's agent approached
Plaintiff, a resident of Hawaii, and solicited him to enter into
a written contract with Defendants.  ECF No. 1 ¶¶ 9-10.  Further,
Defendants continued to provide Plaintiff with patient schedules
and referred patients to Plaintiff after his written contract
expired.  Id. ¶ 13.  Defendant Wellcare's president also told
Plaintiff that he should continue providing patient services for
Defendants.  Id. ¶ 16.  These acts were intentional and aimed at
a resident of Hawaii.  These acts caused harm to Plaintiff who
provided services, but did not get paid by Defendants.  Given
these actions, Defendant Wellcare knew that harm would have been
suffered in Hawaii where Plaintiff resides.  Accordingly, the

Court concludes that Defendant Wellcare's contacts with Hawaii
are sufficient to show purposeful availment.

### b.   Claims Arise Out of Forum Related Activities

The second requirement is that the claims asserted in
the litigation arise out of the defendant's forum related
activities.  <u>Panavision, Int'l</u>, 141 F.3d at 1322 (citing <u>Ziegler
v. Indian River Cnty.</u>, 64 F.3d 470, 474 (1995)).  This requires a
showing that the plaintiff would not have been injured "but for"
the defendant's conduct directed toward the forum.  <u>Id.</u>  Here,
but for Defendant Wellcare approaching Plaintiff and soliciting
him to enter into a written contract and to continue providing
services after that written contract expired, Plaintiff would not
have rendered services without payment.  Accordingly, the Court
concludes that the second requirement for specific personal
jurisdiction is satisfied.

### c.   Reasonableness

The exercise of personal jurisdiction must be
reasonable.  <u>Id.</u> (citing <u>Ziegler</u>, 64 F.3d at 474-75).  To
determine reasonableness, the Court must balance seven factors:
(1) the extent of a defendant's purposeful interjection into the
forum state's affairs; (2) the burden on the defendant of
defending in the forum; (3) the extent of conflict with the
sovereignty of the defendant's state; (4) the forum state's
interest in adjudicating the dispute; (5) the most efficient

8

judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  <u>Core-Vent Corp. v. Nobel Industries AB</u>, 11 F.3d 1482, 1487-88 (9th Cir. 1993) (citing <u>Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.</u>, 757 F.2d 1058, 1065 (9th Cir. 1985)).  Here, the court finds the exercise of specific jurisdiction over Defendant Wellcare is reasonable because:  the causes of action arise under Hawaii law; Hawaii has a strong interest in protecting its citizens against breach of contract; there is little burden on Defendant Wellcare to appear in Hawaii from Kentucky; and Defendant Wellcare purposefully directed its activities at Hawaii.  Therefore, the Court's exercise of personal jurisdiction over Defendant Wellcare is reasonable.

Based on the above analysis, the Court finds that it has both subject matter and personal jurisdiction over Defendant Wellcare.

**B.  Default Judgment**

Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986).  The court should consider the following factors in deciding whether to grant a motion for default judgment:

>            (1)  the possibility of prejudice to the
>                 plaintiff;

(2)  the merits of plaintiff's substantive
     claim;

(3)  the sufficiency of the complaint;

(4)  the sum of money at stake in the action;

(5)  the possibility of a dispute concerning
     material facts;

(6)  whether the default was due to excusable
     neglect; and

(7)  the strong policy underlying the Federal
     Rules of Civil Procedure favoring
     decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled.  Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).  The Court will address each factor in turn.

## 1.   The Possibility of Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered.  See

10

PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiff would not have another recourse for recovery.  Accordingly, the first Eitel factor favors the entry of default judgment.

>    **2.   Merits of Plaintiff's Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, Plaintiff asserts three claims against Defendant Wellcare:  breach of contract, quantum meriut, and fraud.  See ECF No. 1.

First, to establish a claim for breach of contract, Plaintiff much show "(1) the contract at issue; (2) the parties to the contract; (3) whether [Defendant] performed under the contract; (4) the particular provision of the contract allegedly violated by [Defendant]; and (5) when and how [Defendant] allegedly breached the contract."  See Marine Lumber Co. v. Precision Moving & Storage Inc., No. CV 16-00365 LEK-RLP, 2017 WL 1159093, at *6 (D. Haw. Mar. 28, 2017).  Here, Plaintiff entered into a written contract with Defendants to provide medical services from April 2015 to April 2017.  See ECF No. 1 ¶ 10.  After the written contract expired, Defendants continued to provide Plaintiff with patient schedules and referred patients to Plaintiff.  Id. ¶ 13.  Beginning in June 2017, the paychecks Plaintiff received from Defendant Wellcare were returned due to

11

insufficient funds.  Id. ¶ 14.  Defendant Wellcare's president informed Plaintiff that he should continue providing patient services for Defendants.  Id. ¶ 16.  On September 12, 2017, Defendant Wellcare terminated the employment agreement with Plaintiff and informed Plaintiff that it would make every effort to pay Plaintiff's accrued fees from unpaid receivables.  Id. ¶ 17.  After Plaintiff was terminated, he contacted Defendants regarding his unpaid fees but received no response.  Id. ¶¶ 18, 19.  The Court finds that Plaintiff's allegations, taken as true, are sufficient to establish that Plaintiff is entitled to judgment against Defendant Wellcare for breach of contract for his continued employment from May 2017 through his termination in early September 2017.

Second, the equitable claims of quantum meriut requires Plaintiff to show "that a party has received an uncompensated benefit from another that is unjust for him to retain." UCSF-Stanford Health Care v. Hawaii Mgmt. All. Benefits & Servs., Inc., 58 F. Supp. 2d 1162, 1171 (D. Haw. 1999) (citing Maui Aggregates, Inc. v. Reeder, 446 P.2d 174, 176 (Haw. 1968)). Here, the Court finds that Plaintiff's allegations are sufficient to show that he is entitled to recovery under a theory of quantum meriut.  However, this equitable claim is only available if there is no adequate remedy at law.  See AAA Hawaii, LLC v. Hawaii Ins. Consultants, Ltd., No. CIV 08-00299DAE-BMK, 2008 WL 4907976, at *3 (D. Haw. Nov. 12, 2008) (citing Porter v. Hu, 168 P.3d 994,

1007 (Haw. 2007)).  Because the Court finds that the allegations are sufficient to establish an express contract, Plaintiff cannot recover damages on his claim for quantum meriut.

Third, to establish a claim for fraud, Plaintiff must show that Defendant Wellcare made (1) false representations; (2) with knowledge of their falsity; (3) in contemplation of Plaintiff's reliance; and (4) Plaintiff's detrimental reliance. See Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 228 P.3d 341, 362-63 (Haw. Ct. App. 2010).  Rule 9's heightened pleading standard applies in determining whether to grant default judgment on a claim for fraud.  See, e.g., Pacific Bus. Cap. Corp. v. Globex Brands, Inc., No. SACV 09-866 DOC, 2011 WL 66337, *2 (C.D. Cal. Jan. 7, 2011).  Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Allegation of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (citing Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)).  Here, the Court finds that the allegations are insufficient to establish that Plaintiff is entitled to judgment against Defendant Wellcare for fraud.  The Complaint contains three alleged representations made by the president of Defendant Wellcare: that Defendant Wellcare "would issue another check" to Plaintiff; that Plaintiff "should

13

continue providing patient services"; and that Defendant Wellcare will make "every effort [] to pay [Plaintiff's] accrued fees from unpaid [Veteran Evaluation Services] receivables." ECF No. 1 ¶¶ 16-17. Plaintiff has not adequately alleged that the statements that Defendant Wellcare's president made were fraudulent. The Complaint alleges in a conclusory fashion that "Defendants falsely, fraudulently, and with intent to deceive and defraud Plaintiff, represented to Plaintiff that they would compensate him for the medical services he provided." Id. ¶ 32. The Court finds that the allegations in the Complaint are insufficient to support Plaintiff's fraud claim. Although the factual allegations are deemed admitted, Plaintiff did not plead any factual allegations supporting the conclusion that Defendant Wellcare did not intend to pay Plaintiff at the time its president told Plaintiff to continue providing patient services or that Defendant Wellcare did not "make every effort" to pay Plaintiff from the unpaid receivables as promised. The Court finds that the allegations of the Complaint are insufficient to establish that Defendant Wellcare made a false representation with knowledge of its falsity.

Accordingly, this factor weighs in favor of default judgment as to Plaintiff's claims for breach of contract and quantum meriut, and against default judgment as to Plaintiff's claim for fraud.

### 3.    Sufficiency of the Complaint

As detailed above, the allegations in the Complaint are sufficiently pled as to Plaintiff's claims for breach of contract and quantum meriut, but not as to Plaintiff's claim for fraud. Accordingly, this factor weighs in favor of default judgment as to Plaintiff's claims for breach of contract and quantum meriut, and against default judgment as to Plaintiff's claim for fraud.

### 4.    Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff's Motion states that Plaintiff seeks "between $75,000.00 and $100,000.00 in damages for Wellcare's fraudulent conduct against Plaintiff. This amount includes the $17,615.00 in unpaid wages Wellcare has acknowledged it owes." ECF No. 28-1 at 9. The Court finds that Plaintiff's damages request is tailored to Defendant Wellcare's specific wrongful conduct. The Court finds that this factor weighs in favor default judgment.

### 5.    Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Although Mr. Cheek filed a response to the Complaint, default was entered against Defendant Wellcare after it failed to be represented by counsel and failed to appear at the Show Cause

15

hearing.  <u>See</u> ECF No. 24.  Defendant Wellcare has been given a

fair amount of time to defend this action, but has not done so.

Because no dispute has been raised regarding Plaintiff's material

factual allegations, the Court finds that this factor favors

default judgment.

### 6.    Whether Default was Due to Excusable Neglect

The Court finds that Defendant Wellcare's default was

not the result of excusable neglect.  As detailed in the Order

Directing Entry of Default issued by the Court, Defendant

Wellcare failed to be represented by counsel and failed to appear

at the Show Cause hearing.  <u>See</u> ECF No. 23.  Despite ample

notice, Defendant Wellcare has failed to defend this action.  The

record suggests that Defendant Wellcare's default was not the

result of any excusable neglect, but rather due to Defendant

Wellcare's conscious and willful decision not to defend this

action.  Consequently, this factor favors default judgment.

### 7.    Policy Favoring Decisions on the Merits

Defendant Wellcare's failure to defend this action

makes a decision on the merits impractical, if not impossible.

Under Rule 55, "termination of a case before hearing the merits

is allowed whenever a defendant fails to defend an action."

<u>PepsiCo., Inc.</u>, 238 F. Supp. 2d at 1177; <u>see also</u> <u>Philip Morris</u>

<u>USA, Inc. v. Castworld Prods., Inc.</u>, 219 F.R.D. 494, 501 (C.D.

Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b)

indicates that the seventh <u>Eitel</u> factor is not alone

dispositive"). Here, Defendant Wellcare has failed to defend this action and have consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant Wellcare.

### 8.    Totality of <u>Eitel</u> Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant Wellcare.

### C.    Damages

Having determined that default judgment should be entered against Defendant Wellcare on Plaintiff's claim for breach of contract, the Court now turns to the matter of damages. Plaintiff must prove all damages sought. See <u>Philip Morris USA, Inc.</u>, 219 F.R.D. at 498 ("Plaintiff is required to prove all damages sought in the complaint."). "[E]ven a defaulting party is entitled to have its opponent produce some evidence to support an award of damages." <u>LG Elecs., Inc. v. Advance Creative Computer</u>, 212 F.Supp. 2d 1171, 1178 (N.D. Cal. 2002). "[I]f the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. See <u>Philip Morris USA, Inc.</u>, 219 F.R.D. at 498 (citing <u>Cripps</u>, 980 F.2d at 1267).

Here, Plaintiff seeks "Plaintiff seeks between $75,000.00 and $100,000.00 in damages for Wellcare's fraudulent

conduct against Plaintiff.  This amount includes the $17,615.00 in unpaid wages Wellcare has acknowledged it owes." ECF No. 28-1 at 9.  Although the Court specifically directed Plaintiff to file a supplemental filing that addressed damages, Plaintiff's supplemental filing did not include any evidence to support his claim for damages.  See ECF Nos. 27, 28.  As detailed above, the allegations in Plaintiff's Complaint are not sufficient to establish fraud.  Even assuming that Plaintiff's allegations were sufficient, Plaintiff provides no evidence to support damages of $75,000 to $100,000 related to fraud.  See ECF Nos. 25, 28.  Regarding Plaintiff's claim for breach of contract, Plaintiff states that he is entitled to "$17,615.00 in unpaid wages" that Defendant Wellcare "has acknowledged it owes."  See ECF No. 28-1 at 9.  Although Plaintiff did not provide any evidence in support of his Motion, the record does contain the response to the Complaint filed by Mr. Cheek, Defendant Wellcare's president.  See ECF No. 17.  In that filing, Mr. Cheek states that Plaintiff "is owed $17,615.00 by Wellcare Disability, LLC for clinic services ending in August 2017."  Id.  Based on this information, the Court finds that Plaintiff is entitled to damages in the amount of $17,615.00.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment on Proof as to Defendant Wellcare Disability, LLC be GRANTED IN PART AND

DENIED IN PART as follows:

(1) GRANT Plaintiff's request for default judgment against Defendant Wellcare Disability, LLC on Plaintiff's claim for breach of contract;

(2) GRANT Plaintiff's request for an award of damages in the amount of $17,615.00 related to his claim for breach of contract;

(3) DENY Plaintiff's request for default judgment on his remaining claims and request for damages.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 14, 2019.

Richard L. Puglisi
United States Magistrate Judge


**PUAPONG v. WELLCARE DISABILITY, LLC, ET AL.**; CIVIL NO. 17-00615 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON PROOF AS TO DEFENDANT WELLCARE DISABILITY, LLC